SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISIONS II & III
No. CV-16-1022

PARRISH DARE

APPELLANT

V.

SCOTT FROST

APPELLEE

Opinion Delivered SEPTEMBER 20, 2017

APPEAL FROM THE SALINE COUNTY CIRCUIT COURT
[NO. 63DR-16-211]

HONORABLE BOBBY MCCALLISTER, JUDGE

DISSENTING OPINION ON DENIAL OF REHEARING

## N. MARK KLAPPENBACH, Judge

I would grant Frost's petition for rehearing and affirm the trial court's decision in all respects. I agree with our court's holding that affirmed the visitation issue. I part company on the issue of reversing and remanding on the child support issue because I do not believe that the trial court abused its discretion.

Dare asked that Frost's capital gains and stock portfolio be included in the calculation of child support in her request for an increase, given that Frost's tax returns showed investment account gains as a taxable event. In resistance, Frost maintained that the increase in value should not be considered income for child support purposes. The trial court did not deem it proper to include those amounts where the growth in the account was not actually realized, in the sense that no disbursement of money was available to the noncustodial father to spend on child support or anything else. The trial court ultimately ruled that Frost's

SLIP OPINION

investment accounts were similar to retirement accounts or ownership of real property and that they may be included in the calculation of child support if Frost were to receive any disbursements, but not until then. The trial court stated that trial courts should not engage in cumbersome annual reviews of fluctuations in the value of such property.

In Frost's petition for rehearing, as he did in his brief, Frost asserts that all the value has remained in the stock portfolio that he uses to save for his retirement. Frost has never taken a distribution from the account but has merely permitted his advisor to sell and buy stocks and reinvest. Appreciation in value may be a taxable event, but it does not necessarily provide for expendable income. That is what our case law and Administrative Order No. 10 seeks: to realize the *expendable* income of the noncustodial parent.

Our case law clearly provides that a child-support payor's income may differ from income for tax purposes. *Huey v. Huey*, 90 Ark. App. 98, 204 S.W.3d 92 (2005). The definition of income under the guidelines is broadly construed. *White v. White*, 95 Ark. App. 274, 282, 236 S.W.3d 540, 546 (2006). Nonetheless, the goal is to determine "the true disposable income" of the payor. *Brown v. Brown*, 76 Ark. App. 494, 68 S.W.3d 316 (2002); *Stepp v. Gray*, 58 Ark. App. 229, 947 S.W.2d 798 (1997). One-time income such as an inheritance or the cashing in of a certificate of deposit can be income. *Ford v. Ford*, 347 Ark. 486, 65 S.W.3d 432 (2002). In contrast, our court has reversed where capital gains were improperly included in a child support case. *White*, *supra*. As with any marital property that increases in value after a divorce is final, the parties cannot come back and claim a portion of

SLIP OPINION

the increased value. *See Southerland v. Southerland*, 75 Ark. App. 386, 58 S.W.3d 867 (2001) (holding that stock option agreement was more akin to increased value in marital asset than bonus income for child support purposes).

As the trial court reasoned, if trial courts must consider all stock investment accounts where the owner allows it to grow and reinvests any gain, then this will create an overwhelming situation for trial courts with cumbersome annual reviews. Also, if this is the case, then logically the losses in an investment account may be utilized to seek annual reviews for decreasing child support. This does not comport with the goal of determining Frost's true disposable income. The trial court had the discretion to determine what was properly considered as Frost's true expendable income, and I cannot say the trial court abused its discretion in excluding the increase in value.

WHITEAKER, J., joins.